## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| **CHARLES HENRY IRELAND FOLTZ,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 21-11856-DJC** |
| ) | |
| **COMMONWELTH OF MASSACHUSETTS,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                    **December 23, 2021**

For the reasons stated below, the _pro se_ petition is summarily dismissed without prejudice.

### I.        Background

Petitioner Charles Henry Ireland Foltz ("Foltz"), now in custody at the Barnstable County House of Correction, has filed a one-page petition titled "Writ of Habeas Corpus Ad Subjiciendum."  D. 1.  Foltz identifies the two respondents as (1) the "Chief Justice U.S.D.C. - Massachusetts" and (2) the "Commonwealth of Massachusetts Corporation."  Id.  Foltz demands that the respondents "produce" Foltz "in [4 cases now pending in the Orleans District Court]."  Id.  Foltz seeks to have this Court order the respondents to (1) "state the injuries caused [by Foltz], and (2) provide the valid international contract between [the parties]."  Id.  Foltz states that he has been incarcerated since September 8, 2021, and now seeks release from "unlawful captivity."  Id.

### II.        Filing Fee

A party filing a habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees.  See 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings _in forma pauperis_ ).  Here, Foltz neither paid the filing fee nor filed a

fee-waiver application.  Because the petition is subject to summary dismissal, see discussion below, Foltz will not be granted additional time either to pay the filing fee or file an application to waive the filing fee.

### III.    Standard of Review

The petition has not been served pending the Court's review of the pleading.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (requiring a judge to dismiss a § 2254 petition if it "plainly appears" that the petitioner is not entitled to relief).

In conducting this review, the Court liberally construes the petition because petitioner is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### IV.    The Petition is Subject to Summary Dismissal

The status of the Commonwealth's criminal prosecution against Foltz is not clear from the *pro se* petition.  To the extent Foltz is a pretrial detainee, the Court will abstain from exercising jurisdiction over this action to avoid interfering with a state criminal proceeding.  "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity."  Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F. 3d 658, 664 (1st Cir. 2010).  "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties."  Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted).  Under Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly

inject' the federal court into ongoing state proceedings." <u>Coggeshall</u>, 604 F.3d at 664 (quoting <u>Brooks v. N.H. Supreme Ct.</u>, 80 F.3d 633, 637 (1st Cir. 1996)).

Here, the Court would "needlessly inject" itself in pending state proceedings if it were to consider Foltz' claims.  Even if Younger abstention does not apply because Foltz has already been convicted of a crime, the Court will deny the petition because Foltz has not exhausted his state court remedies.  An application for a writ of habeas corpus may not be granted unless the applicant has exhausted the remedies available in the courts of the State.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim in Massachusetts, a habeas petitioner must present the substance of the claim to the state's highest tribunal, the Supreme Judicial Court.  <u>Josselyn v. Dennehy</u>, 475 F.3d 1, 3 (1st Cir. 2007).  Foltz has not provided any substantive showing that he exhausted his state court remedies.

After undertaking the review required by Rule 4, this Court concludes that Foltz' petition must be summarily dismissed.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby orders that the petition is summarily dismissed without prejudice.

**SO ORDERED.**

/s/ Denise J. Casper
Denise J. Casper
United States District Judge

3